FILED
HARRISBURG, PA

DEC 0 9 2009

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     :     4:08-cr-387

            : 

v.             :     Hon. John E. Jones III

            : 

CRAIG DUNN,             : 

         Defendant.     : 

## MEMORANDUM AND ORDER

**December 9, 2009**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is the parties' joint Motion for Downward Departure Based on the Victim's Provocation of the Offense, U.S.S.G. § 5K2.10, and Coercion and Duress, U.S.S.G. § 5K2.12. Also pending before the Court is the Defendant's objection to paragraph 49 of the Presentence Investigation Report ("PSR") which states that the sentence to be imposed on the instant offense of conviction is to be served concurrently to the sentence the Defendant is already serving, pursuant to U.S.S.G. § 5G1.3(a). Finally, the Defendant objects to the Government's position that the Defendant should be ordered to pay nominal restitution as part of the sentence imposed.

The parties have fully briefed all of the matters pending before the Court,

1

thus these matters are ripe for our disposition.[1]

## I.    PROCEDURAL HISTORY

On April 22, 2009, Defendant Craig Dunn ("Defendant") pled guilty,

pursuant to a plea agreement, to Count Two of the Indictment charging him with a

violation of 18 U.S.C. § 113(a)(6), assault resulting in serious bodily injury. The

United States Probation Office prepared a PSR, and a pre-sentence conference was

held on August 26, 2009 to discuss the joint motion for a downward departure, the

Defendant's objections to the PSR and set a briefing schedule.

## II.    DISCUSSION

### A.    Downward Departure Pursuant to U.S.S.G. §§ 5K2.10 and 5K2.12

In the plea agreement, the parties stipulated that a downward departure may

be warranted pursuant to U.S.S.G. § 5K2.10, Victim's Conduct, and U.S.S.G. §

5K2.12, Coercion and Duress. In support of this stipulation, the parties submitted

a Stipulation of Facts in Support of Downward Departure (the "Factual

Stipulation"). (Doc. 38). The Factual Stipulation was supported by 22 exhibits.

U.S.S.G. § 5K2.10, Victim's Conduct, provides that "[i]f the victim's

---

[1] The parties' briefing also contains argument under the sentencing factors enumerated at 18 U.S.C. § 3553(a). Our application of these factors to the Defendant's sentence shall be discussed on the record in open court at the Defendant's sentencing on December, 2009.

wrongful conduct contributed significantly to provoking the offense behavior, the court may reduce the sentence below the guideline range to reflect the nature and circumstances of the offense." U.S.S.G. § 5K2.12, Coercion and Duress, provides that "[i]f the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward." The parties submit that the prerequisites for the application of the downward departures are met in this case, and based on the Court's independent review of the Factual Stipulation and accompanying exhibits, we have reached the same conclusion.

Pursuant to U.S.S.G. § 5K2.10, six factors shall be applied to the facts of this case in order to inform the Court's determination of the extent of the departure warranted here. *United States v. Harris*, 293 F.3d 863, 873 (5th Cir. 2002), *cert. Denied,*, 537 U.S. 950 (2003), grant of *habeas corpus rev's*, 408 F.3d 186 (2005), *cert. denied*, 126 S. Ct. 297 (2007). Those factors are:

(1)    the size and strength of the victim, or other relevant characteristics, in comparison with those of the defendant;

(2)    the persistence of the victim's conduct and any efforts by the defendant to prevent confrontation;

(3)    the danger reasonably perceived by the defendant, including the

3

victim's reputation for violence;

(4)    the danger actually presented to the defendant by the victim;

(5)    any other relevant conduct by the victim that substantially contributed

to the danger presented; and

(6)    the proportionality and reasonableness of the defendant's response to

the victim's provocation.

We shall discuss each factor in turn.

With respect to the first factor, the physicality of the Defendant and the victim, Riley, is not significantly different. At the time of the offense, the Defendant weighted approximately 215 pounds and was 6 feet 2 inches tall, and Riley weighed approximately 240 pounds and was 6 feet 1 inch tall. (Doc. 40, p. 7). A primary difference between the two is age, Dunn was born in 1980 and Riley was born in 1963.

Factors 2 through 5 all deal with the victim's background and behavior, and, in the Court's view, are appropriately discussed together. It cannot be disputed that Riley was an insolent and disruptive individual. His institutional misconduct record is of great length, due to repeated incidents with both inmates and staff, many of a violent nature. Riley repeatedly made it known throughout his incarceration that he did not want to be housed with a cellmate. Unfortunately, for

4

a period of time the two were housed together in a cell located in the Special Housing Unit at the United States Penitentiary Lewisburg. During this period of cohabitation, Riley threatened the Defendant by telling him that if the Lewisburg staff did not move him, he [Riley] would "bash in" the Defendant's face, thus forcing staff to move him [Riley]." (Doc. 38, ¶ 8).

With regards to the sixth factor, it is evident that Riley suffered extremely serious injuries at the Defendant's hands. It is notable that when the assault occurred, Riley had his hands behind his back, in restraints, and was unable to defend himself while Defendant repeatedly kicked Riley in the head.

Taking all of these factors into consideration, it is clear to the Court that Riley was indeed a dangerous cellmate and that Defendant's fear of him was both reasonable and real. While the physicality of Defendant and Riley did not greatly differ, it is significant to the Court that the attack was made on Riley when he was unable to fight back and the Defendant did not just neutralize Riley, but inflicted significant disabling injuries to Riley. In consideration of the record as applies to the applicable factors under the Sentencing Guidelines, we shall grant the parties' request for a downward departure to the extent reflected in this Order.[2]

---

[2] We note that while we have analyzed specific factors as they relate to U.S.S.G. § 5K2.10, we have conflated the analysis under § 5K2.10 with the request for a departure under U.S.S.G. § 5K2.12. As we have noted, the Court has determined that the factual prerequisites for

**B.     Objection to Paragraph 49 of the PSR - Concurrent Sentence
          Pursuant to U.S.S.G. § 5G1.3(a)**

The Defendant objects to Paragraph 49 of the PSR which provides, in

relevant part:

> "Because the defendant committed the instant offense while serving a
> term of imprisonment, the sentence shall be imposed to run
> consecutively to the undischarged term of imprisonment pursuant to
> U.S.S.G.§ 5G1.3(a)."

The Defendant argues that the sentence imposed on the instant offense of

conviction should be run concurrently to the term of imprisonment Defendant is

already serving on a previous federal conviction.

The determination as to whether the sentence we shall impose in this case

rests within our discretion, pursuant to 18 U.S.C. § 3584(a), and this discretion is

guided by the factors enumerated in 18 U.S.C. § 3553(a).  While we recognize, as

noted above, that the Defendant's attack on Riley was provoked by Riley and that

the Defendant was under duress at the time was committed, as this order reflects,

we have granted the Defendant a significant downward departure based on

U.S.S.G. §§ 5K2.12 and 5K2.10.  Despite the Defendant's argument, we shall not

exercise our discretion to order the sentence we shall impose to run concurrently,

in full consideration of the sentencing factors under 18 U.S.C. § 3553(a), we find

_____

both departure grounds are present in this case.

6

that a consecutive sentence will more effectively promote deterrence and address

the relevant sentencing factors.[3]

## C.    Restitution

The Defendant objects to the Government's argument, contained within its

Sentencing Memorandum (Doc. 41, pp. 13-14), that the Defendant should be

ordered to pay modest restitution reflective of the amount of Riley's lost wages.

Paragraph 62 of the PSR indicates that "Restitution is not a sentencing issue in this

case." Despite the Government's argument that Defendant should pay nominal

restitution, we agree with the Probation Officer's assessment that "restitution is

not a sentencing issue." As we have noted above, the crime in this case occurred

in large part due to the conduct of the victim, Riley. Thus, we shall not grant

restitution, however nominal, to the victim.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The parties' joint Motion for a Downward Departure Pursuant to

       U.S.S.G. § 5K2.12, Coercion and Duress, and U.S.S.G. § 5K2.10 is

       **GRANTED**.

2.    The offense level shall be reduced by a total of four (4) levels, which

---

[3] A fulsome application of the sentencing factors enumerated under 18 U.S.C. § 3553(a) shall be given by the Court on the record at the Defendant's sentencing on December 22, 2009.

yields a guideline imprisonment range of 51 to 63 months.

3.  The Defendant's Objection to Paragraph 49 is **OVERRULED**.

4.  The Defendant's Objection to the Government's request for

    restitution is **SUSTAINED**.

5.  The United States Probation Officer shall prepare revise the PSR to

    conform with this Order.

<div align="center" style="margin-left:40%">

s/ John E. Jones III
John E. Jones III
United States District Judge

</div>